IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:13-CV-00188-MR
CRIMINAL CASE NO. 3:08-CR-00010-MR-2

| | |
|---|---|
| OLANDUS BROADWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* [CV Doc. 1][1] and Petitioner's Supplement Regarding United States v. Foote, 784 F.3d 931 (4th Cir. 2015). [CV Doc. 3].

**I.     BACKGROUND**

Petitioner was named in the first two counts of a seven count indictment filed January 23, 2008, and charged with, respectively, conspiring

---

[1] Because this Memorandum and Order must reference documents contained on the docket in both Petitioner's civil case and in his criminal case, the Court will cite to documents from Petitioner's civil case with the prefix "CV" and from his criminal case with the prefix "CR."

to distribute and possessing with the intent to distribute cocaine base. [CR Doc. 1]. Pursuant to a plea agreement filed on May 14, 2008, the Petitioner pled guilty to possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(2) and 841(b)(1)(A) and 18 U.S.C. § 2. [CR Doc. 29]. On September 17, 2008, the Court sentenced the Petitioner to 188 months' imprisonment. [CR Doc. 47]. The United States Court of Appeals for the Fourth Circuit affirmed the Petitioner's conviction and sentence on July 30, 2009. [CR Doc. 63].

The Petitioner filed his first 28 U.S.C. § 2255 petition on August 17, 2009. [CR Doc. 64]. The Court denied the Petitioner's motion on September 9, 2009. [CR Doc. 67]. The Petitioner filed a second motion to vacate pursuant to § 2255 on August 16, 2012, seeking relief under the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). [CR Doc. 79]. That motion was dismissed by the Court as a successive petition on January 16, 2013. [CR Doc. 81]. The Petitioner subsequently sought permission from the Fourth Circuit to file a successive § 2255 petition. On February 28, 2013, the Fourth Circuit denied the Petitioner's request. [CR Doc. 82].

Petitioner filed the instant § 2241 motion on March 22, 2013. [CV Doc. 1]. For the reasons to be discussed herein, the Court construes Petitioner's

§ 2241 motion as his third § 2255[2] motion challenging the conviction and sentence in his criminal case. In the instant petition, Petitioner again seeks relief under Simmons, arguing that he was improperly designated as a career offender under U.S.S.G. § 4B1.1.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

By seeking relief pursuant to 28 U.S.C. § 2241, the Petitioner attempts to circumvent the constraints of § 2255. A petitioner seeking to attack his conviction or sentence may file a motion under § 2241 only if a motion under 28 U.S.C. § 2255 "would be inadequate or ineffective to test the legality of

---

[2] In Petitioner's Supplement [CV Doc. 3], he acknowledges that this motion is indeed a "Motion to Vacate" and that the Court lacks the authority, under Foote, to review his claims "under 28 U.S.C. § 2255." [Id. at 1].

his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has held that the remedy under Section 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333–34.

Here, the Petitioner does not challenge the legality of his conviction; rather, he challenges his designation as a career offender, a designation which he contends was based in part on a prior conviction that is no longer considered a proper predicate offense for that sentencing enhancement. As the Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate under Jones. Further, a § 2241 motion cannot be used to avoid the successive petition rules for § 2255 motions to vacate. Jenkins v. United States, No. 1:02-CR-105-MR-4, 2013 WL 2632608, at *1 n.1 (W.D.N.C. June 12, 2013). Accordingly, the Petitioner

is not entitled to relief under § 2241 and his motion will be construed as one made under 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). As previously noted, the Fourth Circuit denied the Petitioner's request for permission to file a successive petition. Accordingly, the Petitioner's present motion must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Even if the Petitioner had permission to assert the present claim under § 2255, it would still be subject to dismissal because it does not present a cognizable claim. Section 2255 provides, in pertinent part, that a prisoner

may be entitled to relief on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). As the Supreme Court has recognized, a petitioner is entitled to relief under 28 U.S.C. § 2255 on the basis of a non-constitutional error only if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Stone v. Powell, 425 U.S. 465, 477 n. 10 (1976); Hill v. United States, 368 U.S. 424, 428 (1962). Here, the Petitioner's alleged error did not stem from a constitutional error or result in an unlawful sentence in excess of the maximum authorized by law. Instead, the Petitioner's entire claim relates to the Court's application of the career offender enhancement. While the career offender designation may have informed the ultimate sentence imposed, it did not ultimately affect the lawfulness of the Petitioner's sentence as he concedes in his Supplement. See United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015) (holding that petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice" cognizable in a habeas proceeding). [CV Doc. 3].

Further, the Petitioner's claim does not fall within the "gaps" in post-conviction remedies addressed by a writ of error *coram nobis* or a writ of

6

*audita querela*. *Coram nobis* relief is available only when all other avenues of relief are inadequate and the defendant is no longer in custody. See In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (per curiam); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). Here, the Petitioner remains in custody and, as set forth above, he had an available post-conviction avenue of relief. Accordingly, *coram nobis* relief is not available to him.

Similarly, *audita querela* relief is available only to "plug a gap in the system of federal postconviction remedies." United States v. Johnson, 962 F.2d 579, 583 (7th Cir.1992) (citation omitted). In this case, the Petitioner's claim does not fall within such a gap. Instead, Petitioner's claim simply is not the complete miscarriage of justice that warrants a post-conviction remedy. For all of these reasons, Petitioner's claim and alternative claims will be denied and dismissed.

## IV.  CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* [CV Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge